# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NORBERTO DEL RIO, #196196,**

    **Plaintiff,**

**vs.**                                                   **Case No. 4:13cv548-MW/CAS**

**NEIL DESOUSA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, submitted a civil rights complaint, doc. 1, and an application to proceed in forma pauperis, doc. 3, on September 30, 2013. The in forma pauperis motion was granted and Plaintiff was directed to submit an assessed initial partial filing fee of $46.66. Docs. 4, 6. The partial filing fee has been paid and the complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

In the process of reviewing the complaint, Plaintiff filed a motion requesting leave of court to amend his complaint with an affidavit that is attached to the motion. Doc. 8. Review of the self-declared affidavit, doc. 8-1, reveals it is frivolous and, therefore, the motion to supplement the complaint with that document should be denied.

Plaintiff's complaint is filed on a § 1983 complaint form and seeks to assert claims against four Defendants: Neil DeSousa, (Acting) United States Marshal for the Southern District of Florida, Pamela Jo Bondi, Florida Attorney General, Katherine

Fernandez Rundle, identified by Plaintiff as the Statewide Prosecutor,[1] and Michael D. Crews, Secretary of the Florida Department of Corrections.  Doc. 1 at 2.

Plaintiff identifies this case as: "Complaint - to Recover Vessel After Discharge By Stipulation."  Doc. 1 at 5.  Plaintiff contends that "this is an admiralty or maritime claim."  Plaintiff is mistaken.

Plaintiff alleges that he sent several documents to Defendant DeSousa and the Defendant "dishonored [Plaintiff's] presentments by non-acceptance and/or non-performance and have therefore assented to the terms and conditions in said contract by stipulation."  *Id.* at 5-6.  Similarly, Plaintiff sent similar documents to Defendant Bondi who also "dishonored Plaintiff['s] presentments . . . ."  *Id.* at 6-7.  Plaintiff makes the same allegations for Defendants Rundle and Crews.  *Id.* at 7-8.  Ultimately, Plaintiff contends that all four Defendants "wrongfully, and against plaintiff's will, took plaintiff into custody of warehoused Collateral, forcibly and without authority placed plaintiff in Jefferson Correctional Institution . . . and unlawfully and without authority detained and imprisoned plaintiff."  *Id.* at 9-10.  Plaintiff contends he "is entitled to possession of the property my vessel under Title 18 U.S.C. § 7(1)[2] and under the status as paramount creditor is by stipulation."  *Id.* at 11.

---

[1] Judicial notice is taken that Ms. Rundle has been the State Attorney for Miami-Dade County for twenty years.  She does not hold the Office of Statewide Prosecutor.

[2] "The high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State."  18 U.S.C. § 7(1).

Case No. 4:13cv548-MW/CAS

This case is frivolous. Plaintiff may not seek release from prison through the filing of a civil rights complaint, nor may Plaintiff seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)(prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. Plaintiff has not shown that he is unlawfully imprisoned. Plaintiff has not shown that any named Defendant has violated his civil rights.

Moreover, a claim against Defendant DeSousa is inappropriate in this § 1983 action because that Defendant is not a "state actor." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution

or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Defendant DeSousa is a federal official and cannot be sued under § 1983.

Plaintiff's complaint fails to state a claim under § 1983.  Because it does not appear that leave to amend would be beneficial, this case should be dismissed and opportunities for leave to amend need not be provided.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that the motion to supplement the complaint, doc. 8, be **DENIED**, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**